# D. H. BURRELL & COMPANY *v.* SIMPLEX ELECTRIC HEATING COMPANY.

TRADEMARKS; CORPORATE NAMES; SIMILAR CLASSES OF GOODS; RES JUDICATA.

1. An opposition to the registration of the word "Simplex" as a trademark is properly sustained where the opposition is by a corporation,

the name of which is "The Simplex Electric Heating Company," and the opposer was incorporated prior to the date of the adoption of the mark by the applicant for its registration.   (Following *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507.)

2. The use of a word as a trademark for goods heated by steam will preclude its registration as a trademark for goods heated by electricity.

3. After an applicant for the registration of a trademark has been defeated in an opposition proceeding, he may amend his application, but in so doing he must omit therefrom every ground of controversy which was involved in the opposition proceeding, as to which that proceeding is final and conclusive. (Citing *Blackford* v. *Wilder,* 28 App. D. C. 535; *Re Boston Wine & Spirits Co.* 39 App. D. C. 421; *Sutton* v. *Wentworth,* 41 App. D. C. 582; and *Re Herbst, ante,* 203.)

No. 1011. Patent Appeals. Submitted January 14, 1916. Decided February 7, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to an application for the registration of a trademark.                        *Affirmed.*

The facts are stated in the opinion.

*Mr. William F. Hall* and *Mr. Karl E. Wilhelm* for the appellant.

*Mr. Nathan Heard* and *Mr. F. A. Tennant* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office sustaining the opposition of the appellee, Simplex Electric Heating Company, to the registration by the appellant, D. H. Burrell & Company, of the word "Simplex" as a trademark for "steam heated apparatus for pasteurizing milk and apparatus for cooling milk."

On March 15, 1912, appellant filed an application for the registration of the word "Simplex" as a trademark "for apparatus for heating, cooling, and pasteurizing milk." Thereupon the appellee filed its opposition, setting forth that it had sold

under this mark for many years a great variety of heating apparatus, including milk warmers, instrument sterilizing pans, electric stoves, electric heaters, flask heaters, etc. Testimony was taken by both parties, and a hearing before the examiner of interferences resulted in a decision that the applicant, appellant here, was not entitled to the registration for which it had made application. From this decision no appeal was taken.

After the above decision of the Examiner of Interferences became final, appellant by amendment changed the application to its present form. Thereupon the appellee again filed a notice of opposition, alleging, first, that the decision in the prior interference was *res judicata,* and, second, that having been incorporated prior to the date of adoption of the mark by the applicant, registration was prohibited by the trademark act. No further testimony was taken, but it appears that the testimony taken in the prior interference was considered in this. The Patent Office tribunals were persuaded that the first ground of opposition was not well taken, but sustained the second on the authority of *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507, and other cases in this court.

While the conclusion of the Patent Office that this case is ruled by the Asbestone decision clearly was correct, we deem it our duty to discuss the other question raised, to the end that what we conceive to be a mischievous practice may be arrested.

The two interferences were between the same parties and involved the same mark. In the first interference, appellant sought registration of "Simplex" as a trademark for apparatus for heating, cooling, and pasteurizing milk. In the application of the present interference, the source of the heat is restricted to steam, and that is no change at all, so far as the question now under consideration is concerned. We say this because it is too obvious to require argument that under the decisions of this court it made no difference whether the source of the heat was steam or electricity, provided the devices heated were capable of substantially the same use. The use of the word as a trademark in connection with the sale of goods of one class would preclude its registration as a trademark for the goods of the

other. This question was involved in the prior interference, and when the decision in that interference became final it put an end to the controversy. *Blackford* v. *Wilder,* 28 App. D. C. 535; *Re Boston Wine & Spirits Co.* 39 App. D. C. 421; *Sutton* v. *Wentworth,* 41 App. D. C. 582; *Re Herbst, ante,* 203, present term. After an applicant has been defeated in an opposition proceeding, he may be permitted to amend his application, but he must eliminate therefrom every ground of controversy which was involved in the opposition proceeding, for, unless he does so, that proceeding is rendered abortive and a second controversy started over a question that the prior decision put at rest.

The decision is affirmed.                                    *Affirmed.*